UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY KINTE JENKINS,

    Petitioner,

        v.                 CAUSE NO. 3:20-CV-905-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Rodney Kinte Jenkins, a prisoner without a lawyer, filed a motion to reconsider the order denying the habeas petition as untimely. Based on the timing of the motion, the court construes it as a motion pursuant to Federal Rule of Civil Procedure 59(e). *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In the motion to reconsider, Jenkins notes that the court misconstrued the decision of the Indiana Supreme Court as a denial of transfer rather than an affirmation of the lower court's decision. He also represents that he initiated State post-conviction proceedings in March 26, 2001, rather than January 16, 2004, as he indicated in the petition. ECF 2 at 3. These corrections, while appreciated, do not change the ultimate finding that Jenkins' habeas petition was untimely.

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On April 3, 2000, the Indiana Supreme Court affirmed Jenkins' conviction on direct appeal. Therefore, consistent with the prior order, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on July 3, 2000. *See* U.S. Sup. Ct. R. 13(1) (petition for a writ of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition

the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Two hundred sixty-six days elapsed between the final judgment date and the initiation of State post-conviction proceedings on March 26, 2001, which tolled the case until the petition was denied on February 17, 2015. Jenkins' represents that he did not appeal this decision (ECF 2 at 5), so the limitations period expired ninety-nine days later on May 27, 2015. Though Jenkins initiated additional efforts to obtain post-conviction relief in State court in December 2016, these efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Therefore, the court reaffirms the denial of the habeas petition as untimely.

For these reasons, the court DENIES the motion to reconsider (ECF 7).

SO ORDERED on January 4, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT