UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY KINTE JENKINS,

    Petitioner,

        v.                            CAUSE NO. 3:20-CV-905-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Rodney Kinte Jenkins, a prisoner without a lawyer, filed a second motion to reconsider the order denying the habeas petition. Based on the timing of this motion, the court construes it as a motion under Fed. R. Civ. P. 60(b). This provision of the Federal Rules of Civil Procedure authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

On November 20, 2020, the court denied the habeas petition because it was untimely. ECF 4. Five months later, Jenkins filed this motion to reconsider, arguing that the court should excuse the untimely nature of his complaint because post-conviction counsel did not appeal the order denying the petition for post-conviction relief entered

by the Allen Superior Court on February 17, 2015. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). For diligence, federal habeas petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Jenkins did not initiate federal habeas proceedings until October 22, 2020. ECF 1. While Jenkins may have mistakenly believed that post-conviction counsel initiated an appeal, the doctrine of equitable tolling does not extend "to what is at best a garden variety claim of excusable neglect." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Further, this mistaken belief from early 2015 does not explain why Jenkins did not file a habeas petition until October 2020. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (allowing petitioners to file protective habeas petitions to avoid a potential finding of untimeliness). Therefore, the court finds that Jenkins is not entitled to equitable tolling.

Jenkins also argues that the court should excuse the untimely nature of his petition because he is actually innocent. "A habeas petitioner can overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to

2

defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). In this context, the court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). The actual innocence exception has also been extended to excuse timeliness under Section 2244(d). *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013). "The actual innocence standard is a demanding one that permits review only in the extraordinary case." *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). Jenkins identifies no new evidence but instead argues that the State courts misapplied the definition of felony murder under State law to his case. Consequently, the court cannot find that Jenkins' assertion of actual innocence excuses the untimely nature of his petition.

    For these reasons, the court DENIES the motion to reconsider (ECF 9).

    SO ORDERED on May 4, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT